**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDISA SULJANOVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-534 RLW |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Protective Order Concerning 30(b)(6) Deposition Topic No. 9 (ECF No. 32) filed pursuant to Rule 26(c), Federal Rules of Civil Procedure. Plaintiff Edisa Suljanovic ("Plaintiff") opposes the Motion and it is fully briefed. After careful consideration of the motion papers, the Court will deny State Farm's Motion for Protective Order except as to the time period of the discovery request at issue.

**Background**

Plaintiff filed this action in the Circuit Court of the City of St. Louis and State Farm removed it to this Court on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). The case arises out of a motor vehicle accident on June 18, 2019. Plaintiff alleges she was injured as a result of the carelessness and negligence of a third party driver. Plaintiff brings this first-party breach of insurance contract claim for underinsured motorist benefits under her State Farm automobile policy. Plaintiff also asserts a claim for statutory vexatious refusal to pay her claim under § 375.420 of the Missouri Revised Statutes.

Plaintiff served a Rule 30(b)(6) notice of deposition on State Farm, specifying nine topics for examination. State Farm seeks a protective order to preclude 30(b)(6) deposition testimony regarding topic No. 9, which seeks the following documents and information: "Copies of financial incentives or bonuses that could be awarded to or earned by Defendant's claim personnel and adjusters based upon the amount of money paid or not paid in settlement of uninsured and underinsured motorist claims." State Farm asserts this information is not relevant to any claim or defense in this case and states it was previously subject to unchallenged objections during written discovery. Plaintiff responds that the topic is relevant to her statutory vexatious refusal to pay claim because if State Farm's adjusters and claims personnel are incentivized to deny claims, they may have denied her claim on that basis rather than on its merits.

**Legal Standards**

A. Scope of Discovery

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1), Fed. R. Civ. P.

"The scope of discovery under Rule 26(b) is extremely broad." Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller,

Federal Practice & Procedure § 2007, 3637 (1970)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted).

After the proponent of discovery makes a threshold showing of relevance, the party opposing it has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993), and St. Paul Reins. Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)). The opposing party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id. (quoted case omitted). "Rule 26 requires 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Vallejo v. Amgen, Inc., 903 F.3d 733, 743 (8th Cir. 2018) (quoting Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973)).

Rule 26(b)(1) was amended in 2015 to include a "proportionality" requirement for the parties and the court to consider in resolving discovery disputes. Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment. The amendment does not "alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery." Prime Aid Pharmacy Corp. v. Express

3

Scripts, Inc., 2017 WL 67526, at *4 (E.D. Mo. Jan. 6, 2017) (quoted case and internal citation omitted). Also, "[T]he existing allocation of burdens to show undue burden or lack of proportionality have not fundamentally changed." Vallejo, 903 F.3d at 742 (quoted case omitted). "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." Id. (quoted case omitted).

    B. Protective Order Standard

A party may move for a protective order pertaining to discovery requests in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 30, 36 (1984)). "The party moving for the protective order has the burden to demonstrate good cause for issuance of the order." Buehrle v. City of O'Fallon, Mo., 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011) (citation omitted). To show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." Id. (citation omitted). The prejudice or harm Rule 26(c) will protect against includes "annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c); Crawford-El v. Britton, 523 U.S. 574, 599 (1998). Stereotypical and conclusory statements are insufficient to establish good cause under Rule 26(c). Misc. Docket Matter No. 1, 197 F.3d at 926. "Rule 26(c) confers broad discretion on the trial court to decide when a

4

protective order is appropriate and what degree of protection is required." Seattle Times, 467 U.S. at 36; Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 362 (8th Cir. 2003).

**Discussion**

As previously stated, Topic 9 seeks: "Copies of financial incentives or bonuses that could be awarded to or earned by Defendant's claim personnel and adjusters based upon the amount of money paid or not paid in settlement of uninsured and underinsured motorist claims."

State Farm first asserts that Plaintiff sought the production of documents on this topic but did not file a motion to compel after State Farm objected. This appears to be an argument that Plaintiff waived the right to engage in further discovery on the topic. State Farm next asserts the topic seeks information that is "clearly irrelevant" and "not proportional to the interests of the case" because Plaintiff's Petition has not pled any facts to support a claim that "claim personnel and adjusters" acted in contravention of his or her proper duties, or that the dispute between the parties would somehow be more easily or readily resolved if Plaintiff were allowed to delve into sensitive areas such as employee compensation. (ECF No. 33 at 3.) State Farm also asserts the request is too broad because it (1) is not limited to the individuals who adjusted her claim but rather seeks information concerning all State Farm employees in the stated classification, (2) seeks information regarding both uninsured and underinsured motorist claims, and the instant case concerns only an underinsured motorist claim, and (3) is not limited in time and any time period beyond the date on which Plaintiff's claim was adjusted has no relevance to this suit.

Plaintiff responds that State Farm's argument the financial incentives it offers to its employees who decide whether or not to pay claims are irrelevant ignores the purpose of § 375.420. Plaintiff contends any financial incentives State Farm offers its claims handling personnel that incentivize the denial of legitimate claims is relevant to vexatious refusal under

5

§ 375.420, which provides for additional damages above policy limits where the insurer fails to pay a loss "without reasonable cause or excuse." Plaintiff states the purpose of § 375.420 is to make the insured whole in a practical sense and to provide an incentive for insurance companies to pay legitimate claims without litigation, citing Drury Co. v. Missouri United School Ins. Counsel, 455 S.W.3d 30 (Mo. Ct. App. 2014). Plaintiff argues that if State Farm incentivizes the denial of legitimate claims, a jury could reasonably believe the claims handlers who denied Plaintiff's claim were motivated by the financial incentive rather than the merits of her claim.

To prove a vexatious refusal to pay claim under Missouri law, Plaintiff must prove: "(1) she had an insurance policy with State Farm; (2) State Farm refused to pay; and, (3) State Farm's refusal was without reasonable cause or excuse." Dhyne v. State Farm Fire and Cas. Co., 188 S.W.3d 454, 457 (Mo. 2006) (en banc). It is well settled under Missouri law that "direct and specific evidence of vexatious refusal is not required and 'the jury may find vexatious refusal or delay upon a general survey and a consideration of the whole testimony and all the facts and circumstances in connection with the case.'" Id. at 458 (quoting DeWitt v. American Family Mut. Ins. Co., 667 S.W.2d 700, 710 (Mo. 1984) (en banc). As stated above, the scope of discovery under Rule 26(b) is extremely broad as to relevant evidence. Gowan, 309 F.R.D. at 508. Under Federal Rule of Evidence 401, evidence is relevant "if it has *any* tendency to make a fact more or less probable than it would be without the evidence[.]" Fed. R. Evid. 401 (emphasis added). Rule 401 sets a "extremely low burden" for relevancy. Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 396 (8th Cir. 2016).

The Court finds Plaintiff has established a threshold showing of relevance for the requested discovery. Any State Farm documents reflecting a practice or program of providing financial incentives to its claims handlers or adjusters for denying claims is relevant or

6

reasonably calculated to lead to the discovery of admissible evidence, as it may contain information about practices that were applied in the denial of Plaintiff's underinsured motorist claim. Neither party cited the Court to any Missouri authority, but numerous federal trial courts have ordered production of documents that may reflect an insurer's financial incentive to employees in the context of bad faith claims. See, e.g., Vibal v. GEICO Cas. Co., 2018 WL 571948, at *4 (S.D. Cal. Jan. 26, 2018) (ordering defendant to produce documents concerning "the existence or extent of any policies or practices relating to incentives to handle claims in a specific manner."); Ingram v. Great Am. Ins. Co., 112 F.Supp.3d 934, 940 (D. Ariz. 2015) (ordering defendant to produce adjustor personnel files, including participation in an incentive plan, because "the potential probative value of the information contained in those records outweigh[s] any privacy concerns" and "[e]vidence regarding whether Defendants 'set arbitrary goals for the reduction of claims paid' and whether '[t]he salaries and bonuses paid to claims representatives were influenced by how much the representatives paid out on claims' is relevant to whether Defendants acted unreasonably and knew it."); Dziadek v. Charter Oak Fire Ins. Co., 2014 WL 820049, at *7 (D.S.D. Mar. 3, 2014) ("Personnel files may be relevant in an insurance bad faith case to show some distorted financial incentive encouraging claims denials and thus may be relevant to a punitive damage claim as well."); Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 185 (E.D. Pa. 2004) (finding discoverable information about awards and financial bonus programs for which claims personnel could qualify).

State Farm thus has the burden of showing it is entitled to a protective order by providing specific explanations or factual support as to how the discovery request is improper and will cause it "annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c). As an initial matter, State Farm cites no legal authority to support its argument that

Plaintiff waived the right to conduct discovery on Topic 9. The Court is not aware of any Federal Rule of Civil Procedure or legal principle to support such a waiver argument. And there may be legitimate reasons Plaintiff chose not to file a motion to compel as to her request for production of documents, including that she could obtain the information by other means.

To the extent State Farm argues that Topic No. 9 will require "employees to testify about their compensation" (ECF No. 33 at 5), it attempts to attack a straw man. Topic No. 9 seeks documents and information from a Rule 30(b)(6) corporate designee about possible State Farm financial incentives offered to its claims adjusters and handlers to deny valid claims. Topic 9 does not seek to discover employee personnel files. Even if it did, these could be produced with redactions or pursuant to an appropriate protective order. See, e.g., Vibal, 2018 WL 571948, at *4; Ingram, 112 F.Supp.3d at 940.

The Court finds State Farm's objection that the requested discovery is too broad because it is not limited to the adjusters who denied Plaintiff's claims fails to show specific prejudice or harm. As previously stated, Topic No. 9 does not seek individual employees' personnel files but rather information about whether State Farm has a company-wide practice of using financial incentives to encourage its employees to deny or underpay claims. To the extent State Farm argues Topic 9 is not proportional to the interests of the case, this generic and conclusory argument is insufficient to meet State Farm's burden to show specific prejudice or harm. The argument is also belied by State Farm's objection to Topic 9 that "[n]o such incentives and bonuses were awarded or earned by Defendant's claims personnel or adjusters based upon the amount of money paid or not paid in settlement of underinsured claims. . . . . As such, Defendant has no documents to produce in response to this inquiry." (ECF No. 33 at 3.)

State Farm's objection that Topic No. 9 is too broad because it seeks information concerning both uninsured and underinsured motorist claims lacks adequate specificity to establish that the requested discovery is of such marginal relevance that the potential harm occasioned by allowing it outweighs the ordinary presumption in favor of broad disclosure. State Farm does not establish, for example, that its claims adjusters handle only uninsured or underinsured claims, but never both; or that State Farm's policies as to financial incentives for claims handlers or adjusters are different for uninsured and underinsured motorist claims.

State Farm asserts in its Reply that it produced the applicable documents governing factors that can and cannot be considered in evaluating claims representatives' performance and offered to stipulate to their authenticity, and that it offered to present the involved claims representatives to testify in their individual capacities on the issues of what incentives were or were not available to them and which may have affected the events in this case. (ECF No. 37 at 2-3.) The Court does not consider new arguments raised in a Reply, as Plaintiff does not have the opportunity to respond. Further, this argument appears to contradict State Farm's waiver argument. Finally, State Farm does not support its new argument with evidence, such as the copies of the documents it references. Attorney assertions in briefs to the Court do not adequately substitute for affidavits and other forms of evidence. Vallejo v. Amgen, Inc., 903 F.3d 733, 743-44 (8th Cir. 2018).

State Farm's objection that Topic No. 9 is too broad because it is not limited in time is valid. The topic will be limited to documents in effect between the time of the motor vehicle accident described in Plaintiff's Petition and the date this lawsuit was filed.

9

Accordingly,

**IT IS HEREBY ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion for Protective Order Concerning 30(b)(6) Deposition Topic No. 9 (ECF No. 32) is **GRANTED in part** and **DENIED in part**; the Motion is **GRANTED** to the extent that Plaintiff's Rule 30(b)(6) deposition Topic No. 9 will be limited in time to the period between the date of the motor vehicle accident described in Plaintiff's Petition and the date this lawsuit was filed. The Motion is **DENIED** in all other respects.

                                                     /s/ Ronnie L. White
                                                     **RONNIE L. WHITE**
                                                     **UNITED STATES DISTRICT JUDGE**

Dated this 18th day of February, 2021.